# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALICIA G. STONEY,**

   **Plaintiff,**

v.                 Case No:  6:17-cv-2167-Orl-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

  Alicia G. Stoney (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant makes two arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 14 at 10-12, 16-19. The Commissioner argues that the ALJ committed no error and that his decision is supported by substantial evidence and should be affirmed. *Id.* at 12-16, 19-22. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

  **I. Procedural History**

  This case stems from Claimant's application for disability insurance benefits, in which she alleged a disability onset date of June 1, 2013. R. 10. Claimant's application was denied on initial review and on reconsideration. *Id.* The matter then proceeded before an ALJ. The ALJ held a hearing, at which Claimant and her attorney appeared. *Id.*; R. 71-88. The ALJ issued his decision on March 1, 2017, and the Appeals Council denied review on October 19, 2017. R. 1-6; 10-19. This appeal followed.

## II.     The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease; restless leg syndrome; fibromyalgia; and osteoarthritis of the right knee.  R. 12.  The ALJ also found that Claimant suffered from non-severe impairments related to right heel pain, her bladder, and anxiety.  R. 12-13.  The ALJ determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment.  R. 14.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] with the following specific limitations:

> a 30 minute sit/stand option and: occasional climbing, balancing, stooping, kneeling, crouching, and crawling; no overhead reaching; no more than frequent handling and fingering bilaterally; no concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights; simple tasks with little variation that take a short period of time to learn (up to and including 30 days); and the ability to deal [with] changes in a routine work setting.

R. 14.  In light of this RFC, the ALJ found that Claimant was not able to perform her past relevant work, but she is able to perform other work in the national economy.  R. 18-19.  Thus, the ALJ concluded that Claimant was not disabled from her alleged disability onset date, June 1, 2013, through the date of the decision, March 1, 2017.  R. 19.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. Analysis

Claimant raises two assignments of error: 1) the ALJ erred by failing to weigh the purported opinion of an examining medical source, Dr. Peter T. Dorsher; and 2) the ALJ erred by applying the incorrect legal standards and making unsupported factual findings in relation to Claimant's testimony concerning her pain and limitations. Doc. 14 at 10-12, 16-19. The undersigned will address each assignment of error in turn.

#### A. Dr. Dorsher

Claimant argues that the ALJ applied incorrect legal standards to Dr. Dorsher's opinion because the ALJ failed to weigh that opinion. Doc. 14 at 10-12. The Commissioner argues that

the ALJ did consider the treatment records from Dr. Dorsher, a one-time examining physician, although the ALJ did not specifically name Dr. Dorsher in the decision or explicitly weigh any statement in Dr. Dorsher's treatment records. *Id*. at 12-16. Regardless, the ALJ argues, in effect, that any error by the ALJ is harmless, because those treatment records do not contain any medical opinions concerning functional limitations, let alone limitations more restrictive than those contained within the RFC. *Id*.

Dr. Dorsher, a physician with the Mayo Clinic, performed a one-time physical examination of Claimant. R. 424-26. In the Joint Memorandum, the parties described Dr. Dorsher's treatment records from that examination as follows:

> On January 26, 2015, Ms. Stoney presented to Peter T. Dorsher, M.D., at the Mayo Clinic for an evaluation of her neck, right arm, back, right leg, and foot pain (Tr. 424). Dr. Dorsher noted Ms. Stoney's gait was antalgic on the right, seeming to favor mainly the foot (Tr. 425). Cervical motion was about 50% limited causing pain, especially turning to the right. *Id.* Dr. Dosher [sic.] noted Ms. Stoney had widespread tenderness and it was "fairly significant in the neck and upper back." *Id.* Dr. Dorsher opined Ms. Stoney "definitely has an element of central sensitization and chronic pain syndrome with a reduced functional capacity activity level at this point" (Tr. 425-426). He opined that Ms. Stoney would probably need a comprehensive approach to her pain issues (Tr. 426).

Doc. 14 at 7. In their Joint Memorandum, the parties then discussed the further testing associated with the Mayo Clinic, including x-rays and "electromyography testing which revealed normal findings." *Id*. Dr. Dorsher's statement from those treatment records that Claimant describes as the opinion that the ALJ failed to weigh is as follows: Claimant "definitely has an element of central sensitization and chronic pain syndrome with a reduced functional capacity activity level at this point." *Id*. (quoting R. 425-26). Specifically, Claimant assigns error in regard to the ALJ's alleged failure to consider Dr. Dorsher's statements: 1) that Claimant has "an element" of "central sensitization and chronic pain syndrome"; and 2) that Claimant has a "reduced functional capacity activity level." *Id*. at 11-12.

The ALJ considered Dr. Dorsher's treatment records – and records from the other treatment providers at the Mayo Clinic – during his discussion of the treatment records from the Mayo Clinic:

> In January 2015, the claimant underwent a comprehensive workup at Mayo Clinic. The claimant reported intermittent flares of neck pain with pain radiating into the right arm greater than the left. On examination, the claimant had reduced cervical motion and significant tenderness in the neck and upper back as well as some low back tenderness (**Exhibit 12F/36-37**). EMG testing was normal with no sign of cervical or lumbosacral radiculopathy (Exhibits 11F). Imaging of the cervical spine showed no instability and solid bone fusion across the surgical levels. Mild right neuroforan1inal narrowing secondary to uncovertebral joint hypertrophy and facet joint osteoarthritis was seen at C4-5. Lumbar imaging revealed mild levo rotary scoliosis (Exhibit 12F/28-29). Concerning the claimant's muscle jerking and twitching, she was found to have restless leg syndrome and fibromyalgia and was recommended for a 2-day fibromyalgia program (Exhibit 12F/10-12). The program helped the claimant achieve better functionality (Exhibit 13F/19).

R. 16 (emphasis added).  Indeed, Exhibit 12F includes Dr. Dorsey's treatment records at issue here, and pages 36-37 of that Exhibit – specifically cited to by the ALJ – include the statement by Dr. Dorsey that Claimant alleges was not properly weighed; that statement is a single sentence that begins on the bottom of page 36 and continues onto page 37.  R. 425-26.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. § 404.1546(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources.  *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012). A medical opinion is a statement from an acceptable treating, examining, or nonexamining medical source that "reflect judgments about the nature and severity of [claimant's] impairment(s),

including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite [his or her] impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). While an examining physician's opinion is generally not entitled to any deference, *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987), the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3).

As an initial matter, the undersigned has serious doubts that the statement at issue contained with Dr. Dorsher's treatment notes is a medical opinion that must ordinarily be weighed by an ALJ at all. "A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments." *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 811 (11th Cir. 2017) (citing *Winschel*, 631 F.3d at 1179). At most, Dr. Dorsher states that Claimant has "an element" of a specified pain disorder and that Claimant has a "reduced functional capacity activity level." Dr. Dorsher made no diagnosis (he instead sent Claimant for additional testing), described no specific symptoms or the severity of Claimant's symptoms, articulated no prognosis, and provided no information concerning in what way Claimant's "functional capacity activity level" was reduced.

But assuming that Dr. Dorsher's statement is an opinion to which the ALJ should have assigned a weight, the undersigned is not convinced that the ALJ's failure to do so requires reversal. Dr. Dorsher's statement that Claimant has "an element" of a specified pain disorder and that Claimant has a "reduced functional capacity activity level" in no way contradicts the RFC. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per

curiam). Indeed, even though the ALJ failed to name Dr. Dorsher or explicitly weigh statements within his treatment records, the ALJ expressly considered and cited to the Mayo Clinic records that included Dr. Dorsher's statements. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (there is no rigid requirement that an ALJ specifically refer to every piece of evidence in the record). After considering all of the record evidence, the ALJ formulated an RFC that included substantial limitations, including limitations related to Claimant's severe pain disorders.[2] The limitations set forth in the RFC – which specify a reduced range of light work – certainly reflect a "reduced functional capacity activity level" and, thus, are entirely consistent with Dr. Dorsher's statement. As to Dr. Dorsey's statement that Claimant exhibited "an element" of another pain disorder, that statement, even if an opinion, is not tantamount to a functional limitation and does not conflict with the RFC. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating that the "mere existence of [an impairment] does not reveal the extent to which [the impairment] limit[s the Claimant's] ability to work or undermine the ALJ's determination in that regard.") (citation omitted). Further, Claimant does not even complain that the ALJ erred by failing to identify that pain disorder as a severe or non-severe impairment. Thus, the undersigned finds that any error in failing to weigh that statement is harmless.

Accordingly, it is respectfully **RECOMMENDED** that the Court reject Claimant's arguments concerning Dr. Dorsher's statements.

### B. Credibility

Claimant argues that the ALJ applied the incorrect legal standards to Claimant's testimony and that the ALJ's stated reasons for failing to credit Claimant's testimony were not supported by

---

[2] The undersigned notes that Claimant has not challenged the RFC. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (refusing to consider an argument that the claimant failed to raise before the district court).

substantial evidence. Doc. 14 at 16-19. The Commissioner argues that the ALJ provided specific reasons in support of his credibility determination and that his credibility determination is supported by substantial evidence. *Id*. at 19-22.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. A claimant seeking to establish disability through her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see* SSR 16-3p, 2016 WL 1237954 ("The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

The ALJ summarized Claimant's testimony as follows:

> The claimant testified she is unable to work as a result of her physical problems. She suffers significant neck pain which causes a burning sensation in the back of her head, stiffness, rightsided spams, and headaches. She is in constant pain post-surgery and has a difficult time even holding her head up for long periods. She does not lift overhead and has difficulties with her right upper hand typing or driving. She also drops things a lot. Therefore, she has to use her left arm more. In an average day, she has pain of a 5 to 6 which can be 7 to 8 on a bad day. Her medication also causes memory and concentration problems as well as drowsiness. Because of low back pain, she has difficulties sitting, standing, and walking. The low back problems also cause pain in her knee and hips. She can sit approximately 30 to 40 minutes but does not do that very often. She can stand approximately 20 to 25 minutes but it varies each day. She can also only walk to the mailbox which takes approximately 5 minutes. In terms of lifting, she can carry gallon of milk, usually with left hand, comfortably. Because of her restless leg syndrome she has a hard time sitting still, and also experiences balance problems.
>
> In a typical day, she wakes up but may have to stay in bed for another hour. She showers, watches some television and reads. She may go to lunch with friends or take a walk with friends if she is able. However, she has to lay down often because of neck pain and swelling feet. She can drive but it is uncomfortable. She can prepare simple meals and needs no help with personal care but it takes her a little longer. She shops but limits how much she buys to not have heavy loads. Therefore, she has to go more often. She does not sleep well and wakes up during the night frequently. She also naps or rests during the day. Some days, because of pain, she has to stay in bed. That occurs 3 to 4 times per month. Additionally, as a result of pain she loses concentration and focus.

R. 48-49.[3]  The ALJ found that "claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  R. 15.  Further, the ALJ did not wholesale discount Claimant's testimony, but instead found that Claimant's allegations of pain and limitations "affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence."  *Id*.  The ALJ proceeded to discuss the medical evidence of record.  R. 15-

---

[3] Claimant does not challenge the accuracy of the ALJ's summation of her testimony.  *See* Doc. 14.

17.  The ALJ also provided the following explanation in support of his credibility determination, explaining:

> Despite her testimony of very significant limitations, the objective record, described above, is inconsistent with the allegations. Further, the overall record reflects abilities greater than alleged. The claimant was cleared to lift up to 30 pounds. She was also encouraged to exercise by numerous providers and remained active in that she would exercise by walking and cycling (Exhibits 13F/3; 14F/5; 19F/25). A note from May Clinic indicates the claimant was riding a bicycle 10-11 miles a day three days per week (Exhibit 13F/11). Despite testifying she could walk only very short distances, the record indicates no problems walking 2 to 3 blocks or climbing a flight of stairs (Exhibit 13F/12). The record also indicates she was able to visit a theme park and dance, activities which are inconsistent with the alleged limitations (Exhibits 16F/24; 17F/10).
>
> In sum, while the objective record reflects ongoing complaints of neck pain as well as some back pain, fibromyalgia, restless leg syndrome, and recent knee issues, that record does not reflect limitations to the extent alleged. The record supports a finding the claimant is capable of a range of light work. The claimant is cleared to lift up to 30 pounds, she can walk for exercise and at least 2 to 3 blocks without issue, ride a bike, and perform a variety of other activities.  Nevertheless, given the testimony of difficulties sitting and standing for long periods, I have limited the claimant to a 30 minutes sit/stand option. Further, given the multiple neck surgeries and claimant testimony, she is limited to no reaching overhead. The overall record does not warrant any further reaching limitations as reflected by the claimant's activities, including bicycle riding. Finally, as the claimant reported difficulties with focus and concentration due to pain, she is further limited to simple tasks with little variation that take a short period of time to learn (up to and including 30 days).

R. 17.

Based on the foregoing excerpt, the ALJ provided several specific reasons in support of his credibility determination, as well as record citations to the evidence supporting his determinations. R. 17.  Indeed, Claimant concedes that the ALJ articulated four bases for discounting her testimony, but Claimant asserts that those four reasons "are not based on the correct legal standards or supported by substantial evidence."  Doc. 14 at 17.  Following that conclusory legal assertion, Claimant attempts to argue that each of the ALJ's proffered reasons is inconsistent with other evidence, not that those reasons are unsupported by substantial evidence.  But the Court's review

is limited to determining whether the ALJ's decision is supported by substantial evidence, not whether other evidence supports a different outcome. *Foote*, 67 F.3d at 1558. Thus, the Court must affirm the ALJ's decision if it is supported by substantial evidence. This is true even if the Court found that the evidence the Claimant cites preponderates against the Commissioner's decision. *Bloodsworth*, 703 F.2d at 1239. Upon review of the record, the undersigned finds that the reasons articulated by the ALJ in support of his credibility determination support that determination and are supported by substantial evidence. Thus, the undersigned finds that the ALJ articulated good cause in finding Claimant's testimony "not entirely consistent" with the evidence of record, and that his reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

Claimant's argument that the ALJ applied the incorrect legal standard in evaluating Claimant's credibility seems to be a tautological reassertion of the argument concerning Dr. Dorsey's statements: the ALJ erred by not weighing Dr. Dorsey's statements, which also allegedly supported Claimant's testimony. Doc. 14 at 18. The undersigned has already found that any error with regard to Dr. Dorsey's statements is harmless. Further, the ALJ only discredited Claimant's testimony to the extent it was not consistent with the record evidence and, as the undersigned has already found, the ALJ did consider – and cite to – Dr. Dorsher's statements at issue here, which statements are entirely consistent with the RFC. Thus, to the extent that Claimant's argument is that the ALJ somehow erred in making his credibility determination by failing to assign a specific weight to certain of Dr. Dorsher's statements, that contention is without merit. Moreover, the undersigned notes that Claimant does not actually identify any portion of her testimony that allegedly conflicts with the RFC. *See, e.g., Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, at 777 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned);

*N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

Therefore, the undersigned respectfully **RECOMMENDS** that the Court reject Claimant's second assignment of error.

### V.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 28, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy